IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 1:25-cv-12299-ADB

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

BSTON PIZZA, INC. d/b/a BOSTON PIZZA
GRILL,

    Defendant.

_____

## MOTION FOR DEFAULT FINAL JUDGMENT

Plaintiff Rockefeller Photos, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 55(b)(2), hereby moves for entry of a Default Final Judgment against defendant Bston Pizza, Inc d/b/a Boston Pizza Grill ("Defendant"), and states as follows:

## PROCEDURAL SUPPORT FOR DEFAULT FINAL JUDGMENT

1.      On August 18, 2025, Plaintiff filed its Complaint in this action. The Complaint contains a single cause of action for copyright infringement of two (2) photographs against Defendant. See D.E. 1.

2.      On August 26, 2025, Defendant was served with a copy of the Summons and Complaint in this action.  See D.E. 7.

3.      On October 2, 2025 (following expiration of Defendant's response deadline), Plaintiff filed its Request for Entry of Default. See D.E. 9.

4.      On October 8, 2025, the Clerk entered a Clerk's Entry of Default [D.E. 10] against Defendant.

## FACTUAL SUPPORT FOR DEFAULT FINAL JUDGMENT[1]

I.    **Plaintiff's Business and History**[2]

5.    The factual basis is set forth in the well-pleaded allegations of the Complaint and the November 7, 2025 Declaration of Rebecca Jones (the "Jones Decl."), a true and correct copy of which is attached hereto as Exhibit "A."

## ARGUMENT

I.    **Applicable Legal Standards**

Federal Rule of Civil Procedure 55 sets forth two steps to obtain a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default.  Fed. R. Civ. P. 55(a).  Second, after entry of the clerk's default, the Court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent. Fed. R. Civ. P. 55(b)(2). "A defendant who has 'defaulted for failure to plead or otherwise defend [is] "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which the damages will be calculated."'" Merullo v. Greer, No. 11-cv-116-SM, 2012 U.S. Dist. LEXIS 32697, at *2 (D.N.H. Feb. 10, 2012) (quoting Joe Hand Promotions, Inc. v. Patton, No. 10-40242-FDS, 2011 U.S. Dist. LEXIS 136779, 2011 WL 6002475, at *1 n.1 (D. Mass. Nov. 29, 2011) (quoting Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002))). "…[A] default judgment bars the defaulting party from disputing the facts alleged in the complaint…" Bonilla v. Trebol Motors Corp., 150 F.3d 77, 80 (1st Cir. 1998).

---

[1]    "A defendant who has 'defaulted for failure to plead or otherwise defend [is] "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which the damages will be calculated."'" Merullo v. Greer, No. 11-cv-116-SM, 2012 U.S. Dist. LEXIS 32697, at *2 (D.N.H. Feb. 10, 2012).

[2]    The facts set forth herein are based upon the well-pleaded allegations of the Complaint and the November 7, 2025 Declaration of Rebecca Jones (the "Jones Decl."), a true and correct copy of which is attached hereto as Exhibit "A."

The Court must review the sufficiency of the complaint before determining if a moving party is entitled to default judgment. See id. "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to show its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If the admitted facts are enough to establish liability, the Court must then determine the appropriate amount of damages and enter final judgment in that amount. See Hernandez v. Sony, No. CV-01-2187 (PG), 2003 U.S. Dist. LEXIS 7922, at *3 (D.P.R. Feb. 3, 2003). An evidentiary hearing on damages is not required by Rule 55, and it is within the Court's discretion to choose whether to hold such a hearing. See Fed. R. Civ. P. 55(b)(2); AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 436 (1st Cir. 2015).

## II.    Plaintiff is Entitled to Judgment on its Claim for Copyright Infringement

The Copyright Act, 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] ... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "To establish copyright infringement, the plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Latin Am. Music Co. v. Media Power Grp., Inc., 705 F.3d 34, 38 (1st Cir. 2013) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).

### 1.    Existence of a Valid Copyright

With respect to the first element, a certificate of registration "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the

certificate of a registration made thereafter shall be within the discretion of the court." 17 U.S.C. § 410(c).

Here, the Complaint alleges that the Work was not registered until later than five (5) years from first publication. The registration certificate therefore does not constitute "prima facie" evidence of validity, but it certainly is evidence enough to satisfy the first element of an infringement claim. See Broad. Music v. Rockingham Venture, 909 F. Supp. 38, 43 (D.N.H. 1995) ("In this case the plaintiffs have submitted photocopies of the certificates of copyright registration for the musical compositions at issue…. The defendant has not responded with evidence, such as untimely registration…, to rebut the presumption of copyright ownership and validity, and compliance with the formalities of the Copyright Act. The court finds that there exists no genuine dispute of material fact regarding originality and authorship or copyright compliance and, therefore, the first two elements of copyright infringement have been established as a matter of law."). As succinctly explained in Southall v. Force Partners, LLC, No. 1:20-cv-03223, 2021 U.S. Dist. LEXIS 164680, at *7 (N.D. Ill. Aug. 31, 2021):

> The last sentence is crucial here: Section 410(c) confers discretion on the court on how to treat a certificate obtained five years after publication. In other words, the statute mandates a presumption of validity for pre-five-year certificates, but the statute does not ***forbid***[3] a presumption of validity for post-five-year certificates. Post-five-year certificates are still eligible to qualify as prima facie evidence of a valid copyright. Yurman Design, Inc. v. Golden Treasure Imps., Inc., 275 F. Supp. 2d 506, 515-16 (S.D.N.Y. 2003) (holding that late registrations can be considered prima facie evidence of valid copyright); Telerate Sys., Inc. v. Caro, 689 F. Supp. 221, 227 n. 7 (S.D.N.Y. 1988) (explaining "[e]ven if the certificate were ... issued more than five years after the actual date of first publication, the court would be inclined to give the certificate the weight of prima facie evidence, as permitted under Section 410(c)."). ***In any event, the strength of the presumption is not a matter that should be resolved at the pleading stage. The parties***

---

[3]     Emphasis in original.

> *must develop facts in discovery before the certificate's evidentiary weight can be presented to the Court for decision*.[4] The copyright-infringement claim survives.

Here, each of the photographs comprising the Work was registered with the US Copyright Office pursuant to 17 U.S.C. § 411(a) as set forth above.  By virtue of its default, Defendant does not have any right to challenge the registration/ownership of a valid copyright.

Further, there is no question that Plaintiff has standing to pursue its copyright infringement claim.  In order to have statutory standing to bring a federal copyright infringement claim, a plaintiff must be the legal or beneficial owner of the copyright. See John Wiley & Sons, Inc. v. DRK Photo, 882 F.3d 394, 399 (2d Cir. 2018) ("In relevant part, the Act provides that '[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right while he or she is the owner of it.' 17 U.S.C. § 501(b)."). As the subject Agency Agreement conveys multiple of the exclusive rights under 17 U.S.C. § 106, Plaintiff has standing.

For example, in August Image, LLC v. Melt Cosmetics, the court in denying a motion to dismiss challenging the plaintiff's standing noted, "[h]ere, Plaintiff alleges that through written agreement with the creators and owners of the Asserted Works, it was conveyed the exclusive rights to reproduce them and to sue for related infringements. [] This allegation, accepted as true, is sufficient to establish that Plaintiff is the legal owner of such rights." August Image, LLC v. Cosmetics, No. 2:24-cv-02086 HDV (DFMx), 2024 U.S. Dist. LEXIS 148814, at *5 (C.D. Cal. Aug. 20, 2024) (internal citation omitted); see also August Image, LLC v. Allwrite Communications, Inc., d/b/a Hers Magazine, 1:23-cv-00910-SEG, D.E. 28, p. 8-9, FN 3 (N.D. Ga. 2024) (granting summary judgment and stating: "In any event, the Court is satisfied that August

---

[4]    Emphasis added.

Image's undisputed testimony—that it has been assigned the exclusive copyright interests in the photographs—establishes standing." ); Smith v. Casey, 741 F.3d 1236, 1243 (11th Cir. 2014) ("For standing purposes . . . the plaintiff in court obviously need not be the same party who initially registered the subject work.") (cleaned up); Minden Pictures, Inc. v. John Wiley & Sons, Inc., 795 F.3d 997, 1003 (9th Cir. 2015) ("It is established law under the [Copyright Act of 1976] that any party to whom such a right has been transferred—whether via an assignment or an exclusive license—has standing to bring an infringement action based on that right.")").

### 2.    Defendant Copied the Work

The copying element of an infringement claim has two components. Dunn v. Brown, 517 F. Supp. 2d 541, 544 (D. Mass. 2007). "First, Plaintiff must offer proof that, 'as a factual matter, the defendant copied the plaintiff's copyrighted material.'... Next, a plaintiff must demonstrate that 'the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works substantially similar.'" Dunn v. Brown, 517 F. Supp. 2d 541, 544 (D. Mass. 2007).

Here, the screenshots of Defendant's website unequivocally show Defendant's copying of the Work. Defendant's default further constitutes an admission as to such copying. There is no factual or subjective issue of "substantial similarity" here as Defendant copied and published a duplicate, cropped, image of each of the photographs comprising the Work. Thus, Defendant undisputedly copied Plaintiff's copyrighted work and a Final Default Judgment should be entered against Defendant on Count I of the Complaint.

## III.    Defendant's Infringement was Willful

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the

result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." Mosca v. Yankee Publ'g, Inc., No. 2:15-cv-266-JDL, 2015 U.S. Dist. LEXIS 159114, at *20 (D. Me. Nov. 25, 2015) (quoting Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005)). "[T]he willfulness of the defendants may be inferred from their failure to appear and defend this action." Pope v. Lewis, No. 14-14373-ADB, 2017 U.S. Dist. LEXIS 148162, at *10 (D. Mass. Aug. 24, 2017) (quoting Merch. Media, LLC v. H.S.M. Int'l, No. 05-CV-2817, 2006 U.S. Dist. LEXIS 99799, 2006 WL 3479022, at *5 (S.D.N.Y. Nov. 30, 2006)). "…[T]he purpose of statutory damages under the Copyright Act, particularly when the infringement is willful, is to penalize the infringer and to deter similar conduct in the future…" Mitchell Int'l, Inc. v. Gonzalez, No. 04-2299 (PG), 2006 U.S. Dist. LEXIS 98457, at *31 (D.P.R. July 12, 2006).

Here, Plaintiff took the extra step of notifying Defendant in 2023 of its infringement pre-lawsuit. Defendant ignored multiple communications by Plaintiff's counsel (by Federal Express, e-mail, and telephone). Defendant's refusal to pay a reasonable licensing fee and refusal to participate in this lawsuit demonstrates that Defendant had actual knowledge, or at least acted with reckless disregard, of the fact that its conduct infringed upon Plaintiff's exclusive copyrights in the Work.

Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Second Photograph from its website, webpage, social media, and/or printed media notwithstanding multiple communications sent to Defendant (via phone and email) notifying it of the infringement and demanding that the Work be removed from Defendant's website, webpage, social media, and/or printed media. See, e.g., Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen

communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action – reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Second Photograph is still published on Defendant's Facebook account.[5]

Furthermore, despite the requests to take down and discontinue use of the Work, the Defendant subsequently created another Facebook post in October 2024, publishing and/or displaying the Second Photograph, which is also still published on Defendant's Facebook account.[6]

Accordingly, Defendant's default and the well-pled facts of the Complaint, which are admitted by Defendant's default, establish that Defendant's infringement of the Work was willful and deliberate.

## IV.    Plaintiff's Damages

### A.    *Actual Damages*

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are measured by "fair

---

[5]    See https://www.facebook.com/Bostonpizzagrill/posts/pfbid0ADUwRfrHjTNn8KzRKREnzxQuHbvY3qbn5QbSjmLpEoQMPLwxKK22thCvQZwUeUUCl; https://www.facebook.com/Bostonpizzagrill; and https://www.facebook.com/reel/2400903313583870.

[6]    See https://www.facebook.com/reel/2400903313583870.

market value of the license fees he might have exacted of the defendant," reasonable licensing fee determined by examining industry practice," and "value of use." See Real View, LLC v. 20-20 Techs., Inc., 811 F. Supp. 2d 553, 557 (D. Mass. 2011) (quoting Bruce v. Weekly World News, Inc., 310 F.3d 25, 28 (1st Cir. 2002); quoting Deltak, Inc. v. Advanced Sys., Inc., 767 F.2d 357, 363 (7th Cir. 1985)).

The subject library of photographs was created over a 15 – 20 year period of time. Plaintiff's customer has employed professional staff photographers and likewise utilizes other professional photographers (on a work-for-hire basis), all of which specialize in high-end product/food photography. All of these photographers were provided specific instructions with respect to the customer's vision/overall composition requirements – namely, that food/product photography should result in images/meals accessible to the general public that an average family could prepare for a meal. For any image (including the Work), such photographers spend hours using specialized lighting/equipment and take dozens (if not hundreds) of images before identifying 1 – 2 for inclusion in the image library. For any given photograph, Plaintiff's customer then has costs associated with post-processing the image in specialized editing software such as Adobe Photoshop, Adobe Lightroom, and/or other programs so that the desired end-look of the photograph can be achieved, for their proper use in print and digital media advertising.

When an existing (i.e., published and available for viewing on the internet) infringement is discovered of one of any photograph in the image library, Plaintiff (and formerly its customer) creates an infringement notice on the date of discovery or within 1 – 2 days thereafter. The infringement notice identifies the date of discovery, displays the subject photograph, and displays a screenshot of the infringer's alleged use together with a website URL (if available) where the infringement is located. A true and correct copy of such infringement notices with respect to the

Work at issue in this lawsuit are attached to the Jones Decl.

Defendant's failure to participate in this lawsuit has limited Plaintiff's ability to conduct discovery to fully discover the extent of its infringement and/or the exact date on which each of the Photographs comprising the Work was uploaded and/or removed from Defendant's website, but it appears that each of the Photographs comprising the Work were uploaded at least as early as November 2022. The First Photograph remained published thereat through at least March 23, 2023. The Second Photograph remains unauthorizedly published and/or displayed despite calls to take it down.[7]

For each year that Defendant published the Work, Plaintiff would be owed an annual license fee of (at minimum) $11,988.00. Here, it is known that the Work was published as of November 2022 and that, at least, the Second Photograph remains published by Defendant as of the writing of this motion. Given the above, the fairest beginning measure of Plaintiff's actual damages in this case is the $11,988.00 annual cost for licensing any image from the image library multiplied by the number of years of use. As such, Plaintiff believes its actual damages are equivalent to a 4-year licensing period – (a) November 6, 2022 – November 5, 2023; (b) November 6, 2023 – November 5, 2024; (c) November 6, 2024 – November 5, 2025; and (d) November 6, 2025 to date (as Plaintiff does not pro-rate its licenses). This amounts to a total of **$47,952.00** ($11,988 x 4 years of use).

In Prepared Food Photos, Inc. v. Patriot Fine Foods LLC, the $11,988.00 license was found to be a useful tool to properly calculate damages with respect to infringement of a single photograph from the subject image library:

---

[7]    See https://www.facebook.com/Bostonpizzagrill/posts/pfbid0ADUwRfrHjTNn8KzRKREnzxQuHbvY3qbn5QbSjmLpEoQMPLwxKK22thCvQZwUcUUCl; https://www.facebook.com/Bostonpizzagrill; and https://www.facebook.com/reel/2400903313583870.

> Here, Plaintiff provides access to its library at a price $999.00 per month with a minimum twelve-month contract commitment, meaning, a licensee must pay $11,988 for access to any of Plaintiff's photographs for any amount of time within a one-year period. (DE 13, Ex. A. ¶¶ 4–5). Plaintiff has numerous clients who pay this annual subscription fee. (*Id.* ¶ 4). While that demonstrates that licensors have indeed licensed its library on an annual basis for $11,988, it is unclear whether any licensor has paid that amount to utilize a single photograph in the library. Nevertheless, I find $11,988 to be a useful proxy given the below-described difficulties in calculating with precision Plaintiff's actual damages.

Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC, No. 21-82129-CV, 2022 U.S. Dist. LEXIS 205649, at *10 (S.D. Fla. Mar. 22, 2022). The same analysis was adopted by a multitude of other courts to subsequently consider the issue of Plaintiff's damages based on the facts before those courts. See, e.g. Prepared Food Photos, Inc. v. 193 Corp., No. 1:22-cv-03832, 2022 U.S. Dist. LEXIS 205690 (N.D. Ill. Sep. 21, 2022) (awarding Prepared Food Photos $35,964.00 in actual damages, representing the $11,988.00 annual license fee x 3 years of usage of pre-registration usage of a single photo; Prepared Food Photos, Inc. v. Miami Beach 411 Corp., No. 22-23197-CIV-ALTONAGA/Damian, 2022 U.S. Dist. LEXIS 216003 (S.D. Fla. Nov. 28, 2022) (awarding Prepared Food Photos $35,964.00 in actual damages, representing the $11,988.00 annual license fee x 3 years of usage of a single photo); Prepared Food Photos, Inc. v. Fat Daddy Co., No. 22-61671-CIV-SINGHAL, 2022 U.S. Dist. LEXIS 216004 (S.D. Fla. Nov. 29, 2022) (awarding Prepared Food Photos $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *24 (S.D. Fla. Dec. 19, 2022) (awarding $71,928.00 in statutory damages, representing the $11,988.00 annual license fee for a 3-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Silver Star of Brooklyn / Brooklyn's Best Inc., No. 1:22-cv-04196-WFK-CLP, 2023 U.S. Dist. LEXIS 22037 (E.D.N.Y. Jan. 23, 2023) (awarding $71,928.00 in statutory damages, representing

the $11,988.00 annual license fee for 3-year use with a 2x multiplier applied thereto); <u>Prepared Food Photos, Inc. v. Chi.-Mkt.-Distrib., Inc.</u>, Civil Action No. 1:22-cv-03299-CNS-MEH, 2023 U.S. Dist. LEXIS 88407 (D. Colo. May 19, 2023) (awarding Prepared Food Photos $35,964.00 in actual damages, representing the $11,988.00 annual license fee x 3 years of usage of a single photo); <u>Prepared Food Photos, Inc. v. Exec. Dining Club, Inc.</u>, No. 22-cv-9446 (ER), 2023 U.S. Dist. LEXIS 99676 (S.D.N.Y. May 25, 2023) (awarding Prepared Food Photos $71,928.00 in statutory damages, representing the $11,988.00 annual license fee for 3-year use with a 2x multiplier applied thereto); <u>Prepared Food Photos, Inc. v. Shadowbrook Farm LLC</u>, No. 1:22-CV-00704 (LEK/ATB), 2023 U.S. Dist. LEXIS 110171 (N.D.N.Y. June 27, 2023) (awarding Prepared Food Photos $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); <u>Prepared Food Photos, Inc. v. WaDaYaNeed, LLC</u>, No. 1:22-CV-01270 (LEK/ATB), 2023 U.S. Dist. LEXIS 110993 (N.D.N.Y. June 28, 2023) (awarding Prepared Food Photos $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); <u>Prepared Food Photos, Inc. v. Exec. Dining Club, Inc.</u>, No. 22-cv-9446 (ER), 2023 U.S. Dist. LEXIS 99676, at *2 (S.D.N.Y. May 25, 2023) (awarding $71,928.00 in statutory damages, representing the $11,988.00 annual license fee for 3-year use with a 2x multiplier applied thereto); <u>Prepared Food Photos, Inc. v. Mikey's Famous Marinades Corp.</u>, No. 23-CV-1484 (JMA) (AYS), 2023 U.S. Dist. LEXIS 132222 (E.D.N.Y. July 31, 2023) (awarding $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for 1-year use with a 2x multiplier applied thereto); <u>Prepared Food Photos, Inc. v. New Kianis Pizza & Subs, Inc.</u>, No. 1:23-CV-926-JRR, 2024 U.S. Dist. LEXIS 52023 (D. Md. Mar. 25, 2024) (rejecting report & recommendation to award $1,000.00 in statutory damages and instead awarding $47,952.00 in statutory damages, representing the $11,998.00

annual license fee for 2-year use with a 2x multiplier applied thereto).

Defendant's inaction and refusal to participate in this lawsuit suppressed the information necessary to fully calculate Plaintiff's actual damages.  Similarly, Defendant's refusal to cooperate in this lawsuit has prevented Plaintiff from discovering any profits received by Defendant that would be recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses.  To establish Defendant's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b).  Defendant solely controls all information concerning its gross revenue related to its infringing uses of the Work, and it has stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, actual damages are insufficient due to Defendant's refusal to appear and participate in discovery, and Plaintiff thus elects to seek an award of statutory damages for Defendant's willful infringement of Plaintiff's copyrighted Work.

### B.    Statutory Damages are Appropriate for Defendant's Willful Copyright Infringement

Pursuant to 17 U.S.C. § 504(c), Plaintiff hereby elects to recover statutory damages for Defendant's infringement of Plaintiff's exclusive rights in the copyrighted Work, and enhancement of its statutory award based upon the willfulness of such infringement.  Where (as here) willful infringement has occurred, courts will generally look to a plaintiff's actual damages and award 2x – 3x to properly account for statutory damages. See Gener-Villar v. Adcom Grp., Inc., 560 F. Supp. 2d 112, 137 (D.P.R. 2008) (doubling the statutory damages award after finding defendant's infringement was willful.); Spooner v. EEN, Inc., No. 08-cv-262-P-S, 2010 U.S. Dist. LEXIS 46332, at *22 (D. Me. May 11, 2010) (quoting  Venegas-Hernandez v. Sonolux Records,

370 F.3d 183, 196 (1st Cir. 2004) ("A decision in an infringement suit to increase the statutory rate based on a finding of willfulness, like an upward departure from a sentencing guideline's range, is a punitive measure meant to deter.")).

In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. See 17 U.S.C. § 504(c)(1). However, as discussed above, Defendant's conduct (i.e., utilizing the Second Photograph in a Facebook post after notice of infringement and continuing to utilize the Second Photograph in various posts, despite notice of infringement and the instant lawsuit) – as well as its decision not to defend against Plaintiff's claim – demonstrates that its conduct is willful.

> Had Plaintiff been able to conduct discovery and gather information on the scope of Defendant's infringement, actual damages would have likely been greater than the reasonable licensing fee for the Work. Here, doubling $11,988 will appropriately account for the circumstances surrounding this infringement and the need for deterrence. Defendant's declination to participate in this litigation impeded the court's ability to calculate the total extent of Plaintiff's actual damages, including Defendant's profits. Defendant likely profited to some degree from its unauthorized use; Plaintiff alleges that Defendant made commercial use of the Work for at least one year, advertising the sale of "USA Prime Angus London Broil" on its website for $9.99 per pound. (DE 1 ¶¶ 15, 17). Further, as described above, Defendant's conduct was willful. And "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." Cable/Home Commc'n Corp., 902 F.3d at 851 (internal quotation omitted). The need to deter future violations is an especially appropriate consideration here, given Defendant's default.

Patriot Fine Foods LLC, 2022 U.S. Dist. LEXIS 205649, at *12-13. The same facts as in Patriot Fine Foods apply to this present case. Plaintiff was unable to conduct discovery or gather information about the extent of Defendant's use of the Work/profits derived therefrom. Plaintiff's licensing structure is a strong proxy for calculating damages. Likewise to Judge Middlebrooks' finding in Patriot Fine Foods, and given the circumstances of the instant case, Plaintiff submits

that an award of statutory damages in the amount of ***$95,904.00*** ($47,952.00 x 2) under 17 U.S.C. § 504(c)(2) is appropriate to compensate Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law.   Plaintiff requests the Court to apply the same multiplier Judge Middlebrooks applied in <u>Patriot Fine Foods</u>, wherein his honor doubled the actual damages (the one annual period of use) to account for Plaintiff's inability to conduct discovery and to deter future violations.

Even assuming, arguendo, that the Court is not convinced of the Plaintiff's actual damages, it is well within the Court's discretion to award substantial damages to the Plaintiff upon a finding of willfulness. For example, in <u>Corson v Brown Harris Stevens of the Hamptons, LLC</u>, the court found that willfulness entitled plaintiff to the enhanced statutory damages provided by 17 U.S.C. § 504(c)(2) (notwithstanding that the court found the plaintiff proved $0.00 in actual damages):

> So first the main issue was whether defendant's infringement was willful. I find here willfulness entitles plaintiff to the enhanced statutory damages provided by 17 U.S.C. Section 504(c)(2). The standard for willful infringement is not only knowledge on the defendant's part that what it did was infringement but also reckless disregard of the practice of protecting creativity, the very purpose of copyright. When the plaintiff can demonstrate, either directly or through circumstantial evidence, that defendant had knowledge that its actions constituted infringement, or recklessly disregarded that possibility, enhanced statutory damages for willful copyright infringement under 17 U.S.C. Section 504(c)(2) are appropriate.
>
> Plaintiff successfully proved that her photograph was copyright protected. It's clear that defendant, as a sophisticated business, knew there was copyright involved and did nothing to check those rights or to clear permission to reprint from the photographer.
>
> I find that the infringement was willful, and I find that the conduct of indifference to the rights of others was egregious and that the statutory damages should be $25,000. There were no actual

damages.

Corson v. Brown Harris Stevens of the Hamptons, LLC, 2018 U.S. Dist. LEXIS 248214, at *8 –

9 (S.D.N.Y. Jan. 24, 2018). Corson was a fully litigated case in which, though the Judge found

that plaintiff proved $0.00 in actual damages, a finding of willfulness permitted statutory damages

to be awarded, as "The Supreme Court instructs that the statutory rule formulated after long

experience not merely compels restitution of profit and reparation from injury but also a desire to

discourage wrongful conduct." Corson (referencing F.W. Woolworth Co. v. Contemporary Arts,

Inc., 344 U.S. 228, 233 (1952)).

## V.    Costs and Attorneys' Fees

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs

by or against any party… the court may also award reasonable attorney's fee to pay the prevailing

party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this

action. In view of the willful nature of Defendant's infringement and its failure to defend or

otherwise participate in this action, leading to unjustified delays and increased costs and fees, an

award of full costs and attorney's fees to Plaintiff is appropriate.    Accordingly, given the

willfulness of Defendant's conduct and refusal to participate in this lawsuit, Plaintiff requests that

the Court find that Plaintiff is entitled to recover its reasonable attorneys' fees (subject to a further

timely-filed motion fixing the amount of such fees). Plaintiff further requests the Court to award

its taxable costs in the amount of $525.00 (consisting of filing fee in the amount of $405.00 +

service of process fee in the amount of $120.00).[8]

---

[8]      Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 generally provide the process by which a prevailing party may
recover fees/costs (respectively).  While a prevailing party must ordinarily file a post-judgment motion and/or Bill of
Costs, many courts allow such to be requested in a default judgment motion in the interest of judicial economy and to
avoid successive motions against a non-appearing defendant.  See, e.g. Wade v. Allyrides LLC, No. 2:21-cv-393-
SPC-NPM, 2022 U.S. Dist. LEXIS 55883, at *2 (M.D. Fla. Mar. 11, 2022) (recognizing that Rule 54(d) requires a
post-judgment motion for attorneys' fees but considering request for award within motion for default judgment "in
the interests of judicial economy"); Griego v. Ariz. Partsmaster, Inc., Civil Action No. 20-cv-0639-WJM-MEH, 2021

## VI.    Entry of a Permanent Injunction is Appropriate

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 USCS § 502. Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. Arista Records, 298 F. Supp. 2d at 1314 (entering permanent injunction against Defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

As established by the well-pled facts of the Complaint and admitted by Defendant's default, this Court has proper jurisdiction over this action. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. For example, the ability of Defendant to use Plaintiff's work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's works if it is already associated with a competing business; and potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see other commercial enterprises taking and using Plaintiff's photographs for their own commercial purposes without paying any fee at all.

Accordingly, Plaintiff requests the Court to enter a permanent injunction against Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries,

---

U.S. Dist. LEXIS 75499, at *11 (D. Colo. Apr. 20, 2021) (awarding attorneys' fees and costs requested as part of motion for default judgment).

vendors and assigns, and all those in active concert and participation with Defendant, prohibiting it from (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to enter final default judgment against Defendant; award Plaintiff the principal sum of **$96,429.00**, which consists of $95,904.00 for Defendant's infringement of the Work and Plaintiff's taxable costs in the amount of $525.00; permanently enjoin Defendant from infringing activities; and for any other relief the Court deem just and proper.

Dated: November 7, 2025.                    PLAINTIFF,
                                            ROCKEFELLER PHOTOS, LLC
                                            By & through its attorney,


                                            */s/ Douglas F. Hartman*
                                            Hartman Law, P.C.
                                            Douglas F. Hartman, Esq.
                                            50 Milk Street
                                            16th Floor
                                            Boston, MA 02108
                                            (617) 807-0091
                                            dhartman@hartmanlawpc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on November 7, 2025, the foregoing document was served via US Mail to: Bston Pizza, Inc d/b/a Boston Pizza Grill, c/o Khalid Lahlou, 535-541 Columbia Road, Boston, MA 02125 and to Bston Pizza, Inc d/b/a Boston Pizza Grill, c/o Khalid Lahlou, 49 Hamilton Street, Dorchester, MA 02125.

/s/ Douglas F. Hartman
Douglas F. Hartman, Esq.

19